UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY D. ALHIN,

    Plaintiff,

v.

Case No. 07-12352

Honorable Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 11, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Mary D. Alhin ("Plaintiff") applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, on July 28, 2003. In her application, Plaintiff alleged that she had been disabled and unable to work since June 10, 2002, as a result of a crushed tailbone and disc problems caused by an automobile accident. The Social Security Administration denied Plaintiff benefits on February 20, 2004, prompting Plaintiff to request an administrative hearing. On June 29, 2005, an administrative hearing was held before Administrative Law Judge Michael E. Finnie ("ALJ"). The ALJ subsequently found that Plaintiff was not entitled to DIB

1

because she was not under a disability at any time through the date of the ALJ's December 8, 2005 decision. The Appeals Council declined to review the ALJ's decision, rendering the ALJ's December 8, 2005 decision the final decision of the Commissioner of Social Security ("Commissioner").

On June 1, 2007, Plaintiff sought judicial review of the Commissioner's final decision in this Court pursuant to 42 U.S.C. § 405(g). Both parties have filed motions for summary judgment, which this court referred to Magistrate Judge Mona K. Majzoub. On May 16, 2008, Magistrate Judge Majzoub filed her Report and Recommendation ("R&R"), recommending that this Court deny both parties motions for summary judgment and remand the case to the ALJ for further fact finding. At the conclusion of her R&R, Magistrate Judge Majzoub advises the parties that they may object and seek review of the R&R within ten days of service upon them.

Presently before the Court is Defendant's "Objection" to the Magistrate Judge Majzoub's R&R, which was filed June 16, 2008.[1]

## I. **Standard of Review**

Plaintiff's complaint was filed pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual, after final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain review of such decision by a civil action . . . . The court shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the

---

[1] On June 3, 2008, this Court granted Defendant an extension to file objections to the R&R on or before June 16, 2008. (Doc. No. 14.)

> Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . . .

42 U.S.C. § 405(g) (emphasis added); *see Boyes v. Sec'y of Health and Human Servs.*, 46 F.3d 510, 511-12 (6th Cir. 1994).

"Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Abbott v. Sullivan*, 905 F.2d 918, 922-23 (6th Cir. 1990)(quoting *Richardson v. Perales*, 402 U.S. 398, 401, 91 S. Ct. 1420, 1427 (1971)). The Commissioner's findings are not subject to reversal because substantial evidence exists in the record to support a different conclusion. *Mullen v. Brown*, 800 F.2d 535, 545 (6th Cir. 1986). If Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. *Studaway v. Sec'y of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

The parts of an R&R to which a party objects will be reviewed by the court *de novo*. *See* FED. R. CIV. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(explaining that vague, general, and conclusory objections are tantamount to a complete failure to object). The Court, however, "is not required to articulate all of the reasons it objects a party's objections." *Id*. (citations omitted); *see also Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

**II.     Analysis**

    **A.     Five-Step Sequential Process**

An ALJ considering a disability claim is required to follow a five-step sequential

process to evaluate the claim. 20 C.F.R. § 404.1520(a)(4). If the ALJ determines that the claimant is disabled or not disabled at a step, the ALJ makes his or her decision and does not proceed further. *Id*. If, however, the ALJ cannot find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step. *Id*. "Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry . . . the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). The five-step sequential process is as follows:

1. First, the ALJ considers whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. 4041520(a)(4)(I).[2]

2. Second, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities. *Id*. §§ 404.1520(a)(4)(ii) and (c).[3]

---

[2] The ALJ noted he needed further evidence to make a determination that Plaintiff was not engaged in substantial activity. The ALJ did not delay issuance of a decision to obtain that evidence because he relied on the medical record to determine that Plaintiff could perform other work at the light exertional level and because he believed Plaintiff's claim could be denied at steps four and five of the evaluation process. (Tr. 18.)

[3] The ALJ found that Plaintiff had "degenerative disc disease of the lumbar spine, sacroiliac strain, and depression, impairments that are 'severe' within the meaning of the Regulations." (Tr. 18.) The ALJ also found that while Plaintiff was previously

4

3. Third, the ALJ considers the medical severity of the claimant's impairment to determine whether the impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the claimant's impairment meets any Listing he or she is determined to be disabled regardless of other factors. *Id.* [4]

4. Fourth, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work. *Id.* § 404.1520(a)(4)(iv).[5]

5. Fifth, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he or she can perform jobs available in the national economy. *Id.* § 404.1520(a)(4)(v). If the claimant cannot perform such work, the ALJ must find that he or she is disabled. *Id.*[6]

---

diagnosed with Raynaud's syndrome, the lack of evidence relating to this diagnosis resulted in a finding that Plaintiff's Raynaud's syndrome was not a severe impairment. (*Id.*) Similarly, the ALJ found that Plaintiff's allegeries/asthma and migraines were not medically determinable. (*Id.*)

[4] The ALJ found that Plaintiff's "medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No.4. (Tr. 19.)

[5] The ALJ found that Plaintiff "has the residual functional capacity to perform work except for lifting and carrying more than 20 pounds occasionally and ten pounds frequently; standing and/or walking more than sic hours in an eight-hour workday; sitting more than six hours in an eight-hour workday; climbing ramps and stairs; stooping kneeling, crouching, and crawling more than occasionally; and climbing ladders, ropes, and scaffolds. The claimant is limited to simple, unskilled work tasks." (Tr. 24.) The ALJ also found that Plaintiff "can perform her past relevant work as a cashier." (Tr. 24.)

[6] The ALJ determined that "[a]lthough the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.18 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform." (Tr. 24.)

5

## B. Objection

Defendant objects to Magistrate Judge Majzoub's R&R to the extent that it recommends remand based on the inadequacy of the ALJ's hypothetical question. In her R&R, Magistrate Judge Majzoub opines that the ALJ's hypothetical question referring to "simple, routine, and repetitive tasks," was not detailed enough to encompass the ALJ's finding of fact that Plaintiff had a limitation of "some deficiencies in this area [sustaining focused attention and concentration] which result in incomplete tasks." (R&R at 16 (referring to Tr. 22).) Defendant argues that the ALJ's hypothetical question did adequately account for Plaintiff's limitations because it included the limitation of "simple, routine, repetitive tasks." (Def.'s "Objection" at 5-6.)

Following a finding that the claimant does not have the residual functional capacity ("RFC") to perform his or her past relevant work, the burden shifts to the Commissioner to show that the claimant possesses the capacity to perform jobs that are available in the national economy. 20 C.F.R. § 404.1520(a)(4)(v); *see also Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). To meet this burden, "there must be 'a finding supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs.'" *Varley*, 820 F.2d at 779 (alterations in original)(quoting *O'Banner v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 321, 323 (6th Cir. 1978)).

"Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question

6

accurately portrays [the claimant's] individual and mental impairments.'" *Id.* (alterations in original)(quoting *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984)(additional citations omitted). The Sixth Circuit has held an ALJ's hypothetical question should focus on the claimant's "overall state," including the claimant's "mental and physical maladies." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002). Thus, the issue is whether the ALJ's hypothetical question "accurately portray[ed]" Plaintiff's impairments.

After assessing Plaintiff's RFC, the ALJ posed the following hypothetical question to the vocational expert ("VE"):

> I ask you to consider a hypothetical individual with a residual functional capacity similar to that found in exhibit 16F, which would indicate the ability to occasionally lift and carry 20 lbs., frequently lift and carry 10 lbs. To stand and walk with normal breaks for about six hours in an eight-hour workday; sit with normal breaks for about six hours in an eight-hour workday. Unlimited with regard to pushing and pulling. Limited to occasional climbing of ramps and stairs. No ladders, ropes, of (sic) scaffolds. Occasional kneeling, crouching, and crawling. *Also limited to simple, routine, repetitive tasks.* Considering such a hypothetical individual, could such individual do the claimant's past work, either as the claimant did it, or as it is generally done in the economy?

(Tr. 309-10 (emphasis added).) The VE responded "No." (Tr. 310.) The VE did identify other "unskilled work that exists in the economy or in the region" that such a hypothetical individual could perform. (Tr. 310.) The VE testified that this RFC would "include most

unskilled, light work, for which there would be many occupational groups."[7]

Defendant explains that the ALJ's hypothetical did accurately portray Plaintiff's impairments, arguing that her impairments and deficiencies were included in the hypothetical because of the limitation to "simple, routine, repetitive tasks."[8] The ALJ found as a matter of fact:

> The [Plaintiff] has moderate deficiencies in concentration, persistence, or pace setting resulting in failure to complete tasks in a timely manner. She can sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks; however, [Plaintiff] has some deficiencies in this area which result in incomplete tasks.

(Tr. 22.) Defendant restates the ALJ's finding of fact in an attempt to demonstrate that Plaintiff's limitations were already incorporated into the hypothetical question, explaining:

> What the ALJ stated in the above-quoted paragraph – albeit inartfully – was that Plaintiff had moderate concentration difficulties that sometimes interfered with the completion of

---

[7] The VE testified that examples include production inspector with 6,400 jobs in the Michigan economy (including paint spay inspector no. 741.687-010 and floor work no. 788.687-046) and machine operator with 14,000 unskilled light jobs in the Michigan economy (including bonding machine operator no 690.685-154 and riveting machine operator no. 699.685-030). (Tr. 310.) The VE further testified that using a cane in the right hand would eliminate these jobs at the light exertional level and the individual "would need to get down to sedentary" work. (Tr. 311.)

[8] Defendant's "Objection" specifically takes issue only with the portion of the R&R that recommends that the case be remanded in order to determine what the VE would say in response to a hypothetical that includes Plaintiff's limitations resulting in incomplete tasks. Defendant appears to generally take issue with the ALJ's fact-finding process, but to the extent Defendant does take issue with the ALJ's fact-finding process, this vague and general objection will not be addressed. *See Miller*, 50 F.3d at 380.

> tasks, but not to the extent that she could not perform
> unskilled work on a sustained basis . . . . Thus, the ALJ was
> not required to incorporate a specific limitation on completing
> tasks in the hypothetical question as any such limitation was
> already incorporated in the statement that Plaintiff was limited
> to 'simple, routine, repetitive tasks' and the VE's
> understanding that such limitations accommodated certain
> unskilled work.

(Def.'s "Objection" at 5-6 (citing Tr. 310).)

The Court disagrees with Defendant, concurs with Magistrate Judge Majzoub, and finds that the ALJ's hypothetical failed to accurately portray Plaintiff's limitations. This Court and others have held that hypothetical questions similar to the one in question do not accurately portray limitations, meaning that the answers to the hypothetical questions do not constitute substantial evidence. In *Newton v. Chater*, 92 F.3d 688, 694 (8th Cir.1996), the court held that a hypothetical question limited to simple jobs did not incorporate impairments or deficiencies in concentration merely through the inclusion of the "simple jobs" limitation. Similarly, in *Herriman v. Apfel*, 2000 U.S. Dist. LEXIS 2177, at *7 (E.D. Mich. Feb. 11, 2000), this Court held that "[i]t is undisputed that the hypothetical question posed to the VE did not take into account plaintiff's 'deficiencies in concentration.' Thus the hypothetical that the ALJ posed to the VE did not comply with the strictures of *Varley* [, *supra*], and a remand is proper." Additionally, Judge Victoria Roberts of this Court held in *Benton v. Commissioner of Social Security,* 511 F. Supp. 2d 842, 846, 849 (E.D. Mich. 2007), that a failure to include reference to Plaintiff's moderate deficiencies in concentration, persistence, and pace rendered the hypothetical question

9

inaccurate, ordering the case to be remanded as the VE's answer to the hypothetical question did not constitute substantial evidence. *See also Thomczek v. Chater*, 1996 U.S. Dist. LEXIS 947, at * 6 (E.D. Mich. Jan 5, 1996)(Cohn, J.)(holding the hypothetical question presented to the VE was inadequate because the fact that plaintiff "often" suffered from "deficiencies of concentration, persistence, or pace resulting in a failure to complete tasks in a timely manner" was not included, despite one prior reference to concentration problems that did not deal with the plaintiff's specific situation).

The Court holds that the ALJ's hypothetical question referring to "simple, routine, and repetitive tasks," was not detailed enough to encompass the ALJ's finding of fact that Plaintiff had "moderate deficiencies in concentration, persistence and pace resulting in failure to complete tasks in a timely manner" and that Plaintiff had "some deficiencies in this area [sustaining focused attention and concentration] which result in incomplete tasks." (Tr. 22.) Because the ALJ"s hypothetical question failed to accurately portray Plaintiff's limitations, the VE's answer does not constitute substantial evidence upon which the ALJ could rely to determine that Plaintiff can perform a significant number of jobs in the economy. *Varley*, 820 F.2d at 779 (internal citation omitted). Therefore, remand to the Commissioner is warranted.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Majzoub's R&R is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion for summary judgment is **GRANTED** only to the extent that it seeks remand to the Commissioner for further fact finding.

**IT IS FURTHER ORDERED** that the Commissioner's decision denying Plaintiff Social Security Disability Insurance Benefits is **REVERSED** and this case is **REMANDED** to the Commissioner for further proceedings pursuant to "sentence four" of 42 U.S.C. § 405(g).

s/PATRICK J. DUGGAN<br>
UNITED STATES DISTRICT JUDGE

Copies to:
Mikel E. Lupisella, Esq.
James A. Brunson, AUSA